UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LENZO AARON, IV, | ) |
|                Plaintiff, | ) |
| v. | ) No. 1:22-cv-02341-JPH-MJD |
| BROOKSIDE PROPERTIES, C/O THE LAW OFFICE OF JENNIFER MCCOY, TAYLOR DISON, SHANTE' AARON, STEVEN G. POORE, LINDA G. BAKER, | ) |
|              Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS**

Lenzo Aaron IV was evicted by his landlord though proceedings in the Washington Township of Marion County Small Claims Court. Defendants have filed motions to dismiss Mr. Aaron's claims as barred by the *Rooker-Feldman* doctrine. Dkt. [16]; dkt. [19]. For the reasons below, these motions are **GRANTED**.

## I.
## Facts and Background

Because Defendants have moved for dismissal under Rule 12(b)(1), the Court accepts the facts alleged by Mr. Aaron in the complaint as true. *Scott Air Force Base Props., LLC v. Cnty. of St. Clair, Ill.*, 548 F.3d 516, 519 (7th Cir. 2008). Even so, Mr. Aaron's factual allegations are not clear. While the Complaint is sparse on factual allegations and difficult to comprehend, the Court understands it to set forth two claims: (1) abuse of process and (2)

1

deprivation of rights under color of law under 42 U.S.C. § 1983. In Count I, titled "42 USC 1983 claim," Mr. Aaron alleges that "Defendant(s) tried to evict under URLTA," and "[d]eprived the rights of plaintiff under color of law." *Id.* at 4. In Count II, a claim for abuse of process, he alleges that "Defendant(s) uses the process of [eviction . . . ] Action which allows for service by December 5th 2022. Defendants use a county ordinance to deprive Plaintiff of constitutionally protected rights. . . . As a result Plaintiff is gripped with panic and worry of himself and his family being made homeless." *Id.*

The Defendants fall into three categories: (1) the State Court Defendants—Washington Township of Marion County Small Claims Court Judge Steven Poore, and Clerk Linda Baker of the Washington Township of Marion County Small Claims Court, dkt. 17-1 at 2; (2) the Brookside Defendants—Brookside Properties, which was Mr. Aaron's former landlord, and two Brookside employees, Taylor Dison and Shante' Aaron, and (3) "The Law Office of Jennifer McCoy," dkt. 17 at 3, 6 n.3; dkt. 20 at 1.[1]

Defendants' filings and state-court records provide additional relevant facts, which are not contested by Mr. Aaron or inconsistent with his allegations. Dkt. 17-1 (Chronological Case Summary for *Everly at Meridian Hills v. Lenzo Aaron IV*, Case No. 49K07-2209-EV-002846); dkt. 20-2 (December 12, 2022, Order of Washington Township of Marion County Small

---

[1] While Mr. Aaron's complaint does not identify Defendants, Defendants' filings clarify who's who. Also, because Mr. Aaron lists "c/o The Law Office of Jennifer McCoy" on a separate line as a defendant and included a separate summons to the firm, dkt. 1 at 1; dkt. 1-2 at 3–4, the Court treats "The Law Office of Jennifer McCoy" as an additional defendant.

2

Claims Court). The Court takes judicial notice of the facts related to the eviction proceedings in Small Claims Court. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) ("It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss.").

Brookside Properties filed an eviction action against Mr. Aaron in the Washington Township of Marion County Small Claims Court. Dkt. 20 at 1; dkt. 20-2 at 1. After Mr. Aaron failed to appear at two eviction hearings, default, including an order of eviction, was entered against him. *See* dkt. 17-1 at 2; dkt. 20-2 at 1. Mr. Aaron filed a timely motion to set aside default judgment. Dkt. 20-2 at 3. A hearing was held on his motion on November 22, 2022, and the court ruled that Mr. Aaron failed to show that the outcome would have been different had he appeared at the eviction hearings. Dkt. 17-1 at 2. The court granted default judgment on Brookside's request for possession of real estate. *Id.*

Thereafter, Mr. Aaron filed his Complaint in this action on December 6, 2022. Dkt. 1. The State Court Defendants and the Brookside Defendants have filed motions to dismiss. Dkt. 16; dkt. 19. Mr. Aaron did not respond.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss claims for lack of subject-matter jurisdiction. When faced with a 12(b)(1) motion, the plaintiff "bears the burden of establishing that the jurisdictional requirements have been met." *Ctr. For Dermatology and Skin*

3

*Cancer, Ltd. V. Burwell*, 770 F.3d 586, 588–89 (7th Cir. 2014).  The Court accepts as true the well-pleaded factual allegations, drawing all reasonable inferences in the plaintiff's favor.  *Id.*

### III.
### Analysis

The State Court Defendants argue that the *Rooker-Feldman* doctrine bars the Court from exercising jurisdiction over Mr. Aaron's claims.[2] Dkt. 17; *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).  The *Rooker-Feldman* doctrine "imposes a 'jurisdictional bar' that prohibits federal courts other than the Supreme Court of the United States from reviewing final state court judgments."  *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023) (quoting *Andrade v. City of Hammond*, 9 F.4th 947, 948 (7th Cir. 2021)).  *Rooker-Feldman* is "an important foundation for the division of power between federal and state courts," *id.* at 399, which ensures that "no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it."  *Andrade*, 9 F.4th at 950

---

[2] Brookside does not explicitly raise the *Rooker-Feldman* bar as a defense in their motion to dismiss, and "c/o The Law Office of Jennifer McCoy," has made no filings in this matter.  *See* dkt. 19.  Nonetheless, because the *Rooker-Feldman* doctrine is a jurisdictional bar, *Hadzi-Tanovic v. Johnson*, 62 F.4th 394, 399 (7th Cir. 2023), the Court is obligated to consider whether this doctrine applies to all Defendants.  *Sykes v. Cook Inc.*, No. 22-1844, 2023 WL 4188705, at *7 (7th Cir. June 23, 2023); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented.").

(quoting *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 742 (7th Cir. 2016)).

To determine whether the *Rooker-Feldman* doctrine bars jurisdiction over a claim, the Court asks, first, does the claim challenge a state court judgment, and, second, did the plaintiff have a reasonable opportunity to raise the issue in state court proceedings? *Andrade*, 9 F.4th at 950. For the first question, the court "consider[s] whether a plaintiff's federal claims are 'independent' or, instead, whether they 'either "directly" challenge a state court judgment or are "inextricably intertwined with one."'" *Id.* (quoting *Swartz v. Heartland Equine Rescue*, 940 F.3d 387, 391 (7th Cir. 2019)). A claim and a state court judgment are "inextricably intertwined" when there is "no way for the injury complained of by [the] plaintiff to be separated from [the] state court judgment." *Jakupovic v. Curran*, 850 F.3d 898, 903 (7th Cir. 2017) (quoting *Sykes*, 837 F.3d 736, 742) (alteration in original). If the claims directly challenge—or are inextricably intertwined with—a state-court judgment, the Court proceeds to the next question: did the plaintiff have a reasonable opportunity to raise the issue in state court proceedings? *Andrade*, 9 F.4th at 950. The reasonable opportunity inquiry focuses on "'difficulties caused not by opposing parties, but by state-court rules or procedures.'" *Hadzi-Tanovic*, 62 F.4th at 408 (quoting *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007)).

Here, Mr. Aaron alleges that his constitutional rights were violated when the defendants "tried to evict" him and when they "used the process of [eviction

5

. . . ]." Dkt. 1 at 4. The Court could grant Mr. Aaron relief on his claims only by finding that the state court erred in its application of Indiana landlord-tenant law. *See Hadzi-Tanovic*, 62 F.4th at 401 ("For a federal court to find that the state court deprived plaintiffs of their constitutional right to familial association, the federal court would have to find that the state court erred in applying state family law."). Furthermore, Mr. Aaron identifies the state-court judgment as the cause of his injury, so there is no way to separate it from the allegations of wrongdoing set forth in the Complaint. *See Bauer v. Koester*, 951 F.3d 863, 866 (7th Cir. 2020). Mr. Aaron's claims are therefore a direct challenge to the state court eviction judgment—or at least inextricably intertwined with it.

At the second step, the Court evaluates whether Mr. Aaron had a reasonable opportunity to raise his claims in state court, focusing "on difficulties caused not by opposing parties, but by state-court rules or procedures." *Hadzi-Tanovic*, 62 F.4th at 408. Mr. Aaron has not pointed to any procedural rules at the state court which would have prevented him from raising the claims asserted in this case. *See Hadzi-Tanovic*, 62 F.4th at 408 (finding that *Rooker-Feldman* applies when the plaintiff had "not argued that state law or procedures prevented her from raising her federal constitutional issues in state court"). And under Indiana law, Mr. Aaron could have asserted the claims brought in this case as claims in an Indiana state court. *Love v. Rehfus*, 946 N.E.2d 1, 19 n.21 (Ind. 2011) ("Although this is a federal claim, filing suit in state court was permissible because the state courts have

concurrent jurisdiction with the federal courts to entertain actions brought under 42 U.S.C. § 1983."); *Johnson v. Hous. Auth. of S. Bend*, 204 N.E.3d 940, 947 (Ind. Ct. App. 2023) (holding that the defendant's due process rights were violated through denial of opportunity to raise federal and state law defenses in her state small claims court eviction proceeding).

*  *  *

While his complaint is presented as a federal civil-rights claim and a related state-law tort claim, Mr. Aaron actually seeks federal court review of a judgment issued by an Indiana judge in a state-court proceeding. Dkt. 1; dkt. 17 at 6. That's exactly what the *Rooker-Feldman* doctrine prohibits, so the Court lacks subject matter jurisdiction over this case. *See Hadzi-Tanovic*, 62 F.4th at 401. Because this issue is dispositive, the Court does not consider the other grounds for dismissal set forth by Defendants.

## IV.
## Conclusion

The State Court Defendants' Motion to Dismiss, dkt. [16], is **GRANTED**, and Brookside's Motion to Dismiss, dkt. [19] is **GRANTED** to the extent the Court dismisses Mr. Aaron's complaint without prejudice because of the *Rooker-Feldman* doctrine. Any claims against The Law Office of Jennifer McCoy are dismissed from this matter based on the *Rooker-Feldman* doctrine as well.

Final judgment shall enter accordingly.

**SO ORDERED.**

Date: 9/14/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

LENZO AARON, IV
4429 Rosewood Common Place
Indianapolis, IN 46254

All electronically registered counsel